UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTHONY J. KADDY,
    *Petitioner*,

v.

STATE OF NEW HAMPSHIRE HOSPITAL,
    *Respondent.*

No. 3:23-cv-618 (VAB)

**ORDER OF DISMISSAL**

Anthony Kaddy ("Petitioner"), who is self-represented, filed this Petition under 28 U.S.C. § 2241. He challenges New Hampshire state court orders regarding his involuntary admission to the New Hampshire State Hospital and his guardianship. Pet. at 13–24, ECF No. 1 ("Pet.").

But federal district courts may only grant petitions for writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). *See Smart v. Goord*, 21 F. Supp. 2d 309, 314 (S.D.N.Y. 1998) (stating that a prisoner may file his § 2254 petition in "any court with jurisdiction over the prisoner or h[is] custodian"); *Braden v. 30th Judicial Cir. Ct. of Ky.,* 410 U.S. 484, 494–495 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.").

The proper venue for a challenge to present physical custody lies only in the district of confinement because the court issuing the writ must have jurisdiction over the entity capable of effecting the relief sought in the petition; in the context of a challenge to physical custody, that entity is the petitioner's custodian. *See, e.g.*, *id.* at 495 ("The important fact to be observed in regard to the mode of procedure upon [a writ of habeas corpus, that it is directed to, and served

1

upon . . . [the] jailer . . . compelling the oppressor to release [the petitioner's] constraint.").

This Petition bears no connection to the United States District Court for the District of Connecticut (the "District of Connecticut"). Notably, the District of Connecticut has no jurisdiction over this case because the Petitioner is currently located in the state of New Hampshire, subject to New Hampshire court orders. Under 28 U.S.C. § 1406(a), where a matter has been filed in an improper district, this Court may dismiss the matter, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Consistent with that authority, rather than dismiss this case in its entirety, the Court instructs the Clerk of Court to transfer this petition to the United States District Court for the District of New Hampshire.

Accordingly, this case shall be closed in this District and transferred to the District of New Hampshire.

**SO ORDERED** at Bridgeport, Connecticut, this 30th day of May, 2023.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE